IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAREN LEWIS BYERS, Executor of the Estate of JEWELLEAN LEWIS, and KAREN LEWIS BYERS in her capacity as Lawful Heir of JEWELLEAN LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE CARE CENTERS OF AMERICA, INC. d/b/a LIFE CARE CENTER OF KANSAS CITY, et al.,<br><br>Defendants. | CIVIL ACTION<br><br>Case No. 08-2061-CM |

**MEMORANDUM AND ORDER**

Plaintiffs bring this wrongful death and survival action claiming that defendants acted negligently in providing care to Jewellean Lewis, who died from injuries sustained while residing in a nursing home run by defendant Life Care Centers of America, Inc. ("Life Care"). The case is before the court on plaintiffs' Motion for Remand (Doc. 3) and Motion to Amend Petition (Doc. 4).

**I.     Factual Background**

Plaintiffs, Kansas residents, brought this case in state court against defendants Life Care and Brandy McKenzie, an individual who plaintiffs originally alleged was an employee of defendant Life Care and a resident of Kansas. Defendant Life Care removed the action, arguing that defendant Brandy McKenzie is a nominal party who was named solely for the purpose of defeating diversity jurisdiction. This is the second time that defendant Life Care removed an action brought by plaintiffs against it. The first time, plaintiffs voluntarily dismissed the action before refiling in state court and adding defendant Brandy McKenzie in the instant action.

After defendant Life Care removed this action, plaintiffs moved to amend their petition and

remand the case. Plaintiffs seek amendment because they claim that they inadvertently named Brandy McKenzie instead of Betsy McKenzie, who is also a Kansas resident. Plaintiffs concede that Brandy McKenzie was improperly named, thereby making the original removal proper even though all defendants did not join in the removal. *See* 28 U.S.C. §§ 1441(a), 1446(a); *Harlow Aircraft Mfg., Inc. v. Dayton Mach. Tool Co.*, No. 04-1377-JTM, 2005 WL 1153600, at *2–*4 (D. Kan. May 16, 2005) (citation omitted) ("[A] notice of removal fails unless all defendants join it."); *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997) (citations omitted) (listing exceptions to the unanimous consent rule, including an exception where one party is a nominal or fraudulently-joined party).

## II.     Standard of Review

The removing party bears the burden of showing that jurisdiction is proper in federal court. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted). "Because the courts of the United States are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). The court is mindful that "[d]oubtful cases must be resolved in favor of remand." *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (further citations omitted)).

Plaintiffs' motion to amend the complaint to delete Brandy McKenzie as a party and add Betsy McKenzie brings this case under 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The court

has discretion whether to allow joinder of nondiverse parties and is to consider equitable factors. *Abel v. Union Pac. R. Co.*, No. 07-1153-JTM, 2007 WL 4774762, at *1 (D. Kan. Nov. 2, 2007) (quoting *Perez v. Arcobaleno Pasta Machs., Inc.*, 261 F. Supp. 2d 997, 1001 (N.D. Ill. 2003)). Specifically, courts consider: (1) the plaintiff's motivation for adding the party; (2) the timeliness of the proposed amendment; (3) any prejudice; (4) the defendant's interest in remaining in federal court; and (5) other equitable considerations. *Id.* (citing *Perez*, 261 F. Supp. 2d at 1001; *Webster v. Black & Decker, Inc.*, No. 05 C 549 C, 2005 WL 3307506, at * 3 (W.D. Wis. Dec. 6, 2005); *Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001)).

**III.    Discussion**

First, the court examines plaintiffs' motivation and finds plaintiffs' proffered reason for adding Betsy McKenzie genuine.  It appears that plaintiffs originally named the wrong defendant, making the incorrect identification from medical records signed "B. McKenzie."  According to plaintiffs, Betsy McKenzie was the nurse in charge of the decedent's tracheostomy care and acted negligently in causing her death.  The court is not convinced that plaintiffs seek to name Betsy McKenzie solely for the purpose of defeating diversity jurisdiction.  Plaintiffs allege that she was directly involved in the wrongful conduct, and defendant has failed to meets its burden of showing that plaintiffs are engaging in procedural gamesmanship.  To prove a fraudulent joinder claim, defendant Life Care must show that plaintiffs fail to state a claim and that plaintiffs have no possibility of establishing a cause of action against the party.  *Crow v. State Indus.*, No. 01-2555-GTV, 2003 WL 1053945, at *3 (D. Kan. Feb. 27, 2003) (quoting *Montano v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, at *1–*2 (10th Cir. Apr. 14, 2000)).  Defendant Life Care has not made such a showing.

Second, plaintiffs' proposed amendment is timely.  Plaintiffs filed their petition in state court

-3-

on January 10, 2008. Defendant Life Care removed the case on February 6, 2008. Plaintiffs moved to amend their petition on February 15, 2008. Defendant Life Care suggests that the proposed amendment is untimely because plaintiffs have had two opportunities to name the proper defendants. The court disagrees. There is nothing in the record to suggest that plaintiffs should be faulted for failing to determine the proper identity of "B. McKenzie" earlier. This is not a case where plaintiffs waited an inordinate amount of time before seeking leave to amend; plaintiffs sought leave nine days after removal and just over a month after filing their petition in state court. The court does not find plaintiffs' request untimely.

Third, the court finds that defendant will not be prejudiced by the amendment. To the contrary, defendant's briefs suggest that addition of a "low-level employee" to the suit would actually benefit defendant—in Doc. 6, defendant explains at length why it is not in the best interest of plaintiffs' attorneys to join low-level employees in a negligence action. Defendant's own brief indicates that the addition of Betsy McKenzie would not prejudice defendant's ability to defend the case. Moreover, to the extent that defendant will suffer prejudice because it has removed two actions at its own expense, the court finds the prejudice negligible.

Fourth, the court recognizes that defendant would like to try this case in federal court, but the court is confident that defendant will receive the same fair and balanced consideration in state court that it would receive in federal court. Defendant's interest in proceeding in federal court does not outweigh plaintiffs' interest in choosing their own forum.

Finally, the only other equitable consideration the court notes is that a denial of joinder could potentially result in an inefficient use of judicial resources. The claims against defendants Life Care and Betsy McKenzie arise out of the same facts. If plaintiffs were to file a separate case in state court against Betsy McKenzie, duplicitous proceedings would likely result. *See Knowles v. Am.*

*Family Ins. Co.*, No. 06-01297-EWN-PAC, 2006 WL 2942940, at *2 (D. Colo. Oct. 13, 2006) (noting that denial of joinder might cause parallel litigation in federal and state courts).

After weighing all of the above factors, the court determines that plaintiffs' motion to amend should be granted. The amendment results in a lack of diversity of citizenship, which deprives this court of subject matter jurisdiction over the case. In light of this ruling, the court must remand the case to state court.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Amend Petition (Doc. 4) is granted.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Remand (Doc. 3) is granted.

Dated this 22nd day of April 2008, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**